IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:09CR362–HEH |
| ) | |
| JEFFREY MALEEK GRANT, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION
(Denying Defendant's Motion to Suppress Evidence)

This case is before the Court on Defendant's Motion to Suppress Evidence (Dk. No. 14), filed on December 9, 2009. At issue is the sufficiency of the affidavit supporting the search warrant for the residence at 200 Duke Street ("Duke Street"). Both parties have filed extensive memoranda of law supporting their respective positions. The Court will dispense with oral argument because the parties have agreed that the motion can be decided on the pleadings. For the reasons stated herein, the Court will deny the Defendant's Motion to Suppress Evidence.

I.  BACKGROUND

According to the affidavit supporting the search warrant, within 72 hours of September 1, 2009, the Spotsylvania County Sheriff's Office utilized a confidential informant to make a controlled purchase of cocaine base from a targeted individual in Fredericksburg, Virginia. The alleged target, Jeffrey Maleek Grant, was seen leaving the Duke Street residence and entering a Ford Explorer, with Virginia tags XTN-8185, parked in the driveway. The target then walked across the street to a vehicle occupied by

the government's confidential informant. Detectives allegedly observed Grant deliver crack cocaine to the informant in exchange for recorded buy money. The target then went back into the Duke Street residence. It was not clear to the detectives or the informant whether the cocaine base sold was obtained from the residence or the Ford Explorer. The cocaine base was recovered by detectives from the informant.

Later on September 1, 2009, and based on the information described above, Fredericksburg City Magistrate Thomas A. Page signed a warrant authorizing a search of the Duke Street residence and the Ford Explorer. Specifically, the affidavit authorized officers to search for "drugs, recorded buy money, money, owe sheets, cellular phones, drug paraphernalia, photographs, and other items relating to distribution of illegal drugs." The next day, police executed the search warrant. The police recovered from a bedroom, which contained the defendant's Virginia Department of Motor Vehicle photo identification card, over six grams of cocaine base, $2,039, a .40 caliber pistol, digital scales, and various other items associated with the drug trade. Among the currency seized was the marked bills used to purchase the cocaine base. At the home, aside from the defendant, officer's encountered the defendant's wife, who claimed ownership of the residence. According to police, the defendant admitted ownership of the gun and the other items of evidence seized.

In the present motion, the defendant contends that the search of the Duke Street residence was in violation of the Fourth Amendment. Specifically, the defendant argues that the affidavit supporting the search warrant for that residence was both insufficient to

2

establish probable cause and so lacking in indicia of probable cause that no trained law enforcement officer could reasonably rely on its validity. As a result, the defendant maintains that all evidence seized and subsequent statements should be suppressed. This Court disagrees.

## II. ANALYSIS

Without deciding whether probable cause supported the warrant, this Court may proceed "immediately to a consideration of the officer's good faith." *See United States v. Leon*, 468 U.S. 897, 925 (1984). "Under the good faith exception, adopted by the Court in *Leon*, evidence obtained pursuant to a warrant which is ultimately held invalid need not be excluded as long as the warrant was issued by a detached and neutral magistrate and the executing officer's reliance on the warrant was objectively reasonable." *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994). However, the Court in *Leon* did "not suggest . . . that exclusion [of evidence] is always inappropriate in cases where an officer has obtained a warrant and abided by its terms." *Leon*, 468 U.S. 922. As a result, *Leon* identifies four circumstances in which an officer's reliance on a search warrant may not be reasonable:

> (1) the magistrate was mislead by information in an affidavit that the officer knew was false or would have known was false except for his reckless disregard of the truth; (2) the magistrate wholly abandoned his detached and neutral judicial role; (3) the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

*United States v. Hyppolite*, 65 F.3d 1151, 1156 (4th Cir. 1995) (citing *Leon*, 468 U.S. at 923).

On the good-faith exception issue, the defendant focuses his challenge primarily on the third exception from the rule in *Leon*, that the affidavit lacks indicia of probable cause. Before turning to this argument, the Court will briefly address the other circumstances which could potentially preclude the good faith exception. First, neither party suggests nor is there any evidence presented that information provided in the officer's affidavit was false or in reckless disregard of the truth. Second, neither party provides evidence that Magistrate Page was either mislead by officers or that he abandoned his judicial role. Third, although challenging the sufficiency of the information in the warrant to support a finding of probable cause, the defendant does not attack the facial validity of the warrant by arguing that officers failed to particularize the place to be searched or items to be seized.

In urging the Court to reject the good-faith exception, Grant suggests that the affidavit failed to provide sufficient information to enable a finding of probable cause. In particular, he lists the officer's failure to include information concerning prior drug activity at the residence, whether he lived or stayed at the residence, if he stored contraband at that address, or any other reason to believe that he or the items listed in the warrant would still be there at the time of the warrant's execution. Despite the defendant's accurate portrayal of the affidavit, in the *Leon* context, this Court must rely on an "indicia of probable cause" standard, which is less demanding then the "substantial

4

basis" threshold required to prove the actual existence of probable cause. *United States v. Bynum*, 293 F.3d 192, 195 (4th Cir. 2002) (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (requiring a court, when reviewing a magistrate's probable cause determination in a search warrant, to decide whether the magistrate had a "substantial basis" for their decision)).

With this lower standard in mind, this Court finds the affidavit was not "so lacking in probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 at 923. Specifically, the affidavit described the target leaving the Duke Street residence, engaging in a controlled drug transaction, and immediately reentering the residence with marked government money. Recognizing that "the nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence," this Court finds the affidavit facially sufficient to allow a trained police officer to reasonably believe that probable cause existed-and that reliance on the warrant was objectively reasonable. *United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993) Having found that the good faith exception applies, the Court need not make an independent determination of probable cause. *Leon*, 468 U.S. at 925.

## III. CONCLUSION

For the reasons stated above, the defendant's Motion to Suppress will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
                                  Henry E. Hudson
                                  United States District Judge

Date: Dec 16, 2009
Richmond, VA